IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. WETHY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-0593-M-BK |
| | § | |
| SHELLEY ORTOLANI, et al.,, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* complaint along with a motion to proceed *in forma pauperis*. For the reasons that follow, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied and that the case be dismissed for want of prosecution.

**I. BACKGROUND**

On April 15, 2013, after concluding that Plaintiff would not suffer undue financial hardship, the Court ordered him to pay the $350.00 filing fee by no later than May 13, 2013. The order advised Plaintiff that, if he failed to comply, the denial of his motion for leave to proceed *in forma pauperis* would be recommended, and his action would be subject to dismissal without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). To date, Plaintiff has neither paid the requisite filing fee nor sought an extension of time to do so.

**II. ANALYSIS**

    A.    <u>Denial of Motion to proceed *In Forma Pauperis*</u>

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a)(1). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."

*Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

During the past twelve months, Plaintiff received $5,000 monthly from "side jobs," which he expects will continue next month.  (Doc. 13 at 1).  In addition, as of April 12, 2013, he had about $300.00 in cash.  (*Id.* at 2).  Plaintiff also identified about $1,460 in monthly living expenses, in addition to $1,100 monthly for an unspecified motor vehicle, and $1,000 monthly for operating an unspecified business.  (*Id.* at 4-5).  Moreover, since August 2012, Plaintiff has filed six other actions for which he and co-plaintiffs paid the $350.00 filing fee.[1]  In light of this information, the Court concludes that Plaintiff will not suffer undue financial hardship after payment of the $350.00 filing fee, and that his motion to proceed *in forma pauperis* should be denied.

B.   Involuntary Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to pay the requisite filing fee.  He has impliedly refused or declined to do so.  Therefore, this action should be dismissed without

---

[1] *See Burns, et al. v. Bayview Loan Servicing LLC, et al.*, 3:13-CV-657-B (N.D. Tex. filed Feb. 8, 2013); *Stone Mountain Trust et al. v. Mackie Wolf & Zientz PC, et al.*, 3:13-CV-658-B (N.D. Tex. filed Feb. 8, 2013); *The Big Modesto Trust et al. v. LPP Mortgage Ltd. et al.*, 4:13-CV-157-Y (N.D. Tex. filed Feb. 28, 2013); *Thomas, et al. v. LPP Mortgage Ltd., et al.*, 4:12-CV-837-A (N.D. Tex. Nov. 26, 2012); *Bookman et al. v. McCarthy, Holthus & Ackerman LLP, et al.*, 4:12-CV-615-Y (N.D. Tex. filed Sep. 4, 2012); *New Vision Investments v. PNC Bank National Association, et al.*, 4:12-CV-612-Y (N.D. Tex. filed Aug. 31, 2012).

prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to proceed *in forma pauperis* (Doc. 13) be **DENIED** and that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED May 19, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear from the *pro se* complaint when Plaintiff's claims accrued for purposes of the statute of limitations. Thus, the Court need not apply the higher standard for dismissal with prejudice for want of prosecution. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).